# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MIGUEL ESTUARDO VALL-TZOC et al., <br><br> Petitioners, <br><br> v. <br><br> MARKWAYNE MULLIN et al., <br><br> Respondents. | Case No. 2:26-cv-03819-DFM <br><br> Order Denying Petition (Dkt. 1) and Motion for Contempt (Dkt. 7) |

On April 10, 2026, Petitioners Miguel Estuardo Vall-Tzoc and Melani Vall Lastor (together, "Petitioners"), who are represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). That same day, Petitioners requested a Temporary Restraining Order, which this Court denied. See Dkts. 2, 6.

On April 14, 2026, Petitioners filed a Motion for Contempt. See Dkt. 7 ("Motion"). Respondents opposed. See Dkt. 11. Petitioners did not reply.

On April 17, 2026, Respondents filed a Return to the Petition. See Dkt. 12 ("Response"). Petitioners did not file a Traverse, and the time for doing so has passed.

The parties have consented to Magistrate Judge jurisdiction. See Dkts. 3, 5. For the reasons set forth below, Petitioners' Motion is **DENIED** and the Petition is **DISMISSED**.

## I.   BACKGROUND

Petitioners are a father and son who are natives and citizens of Guatemala. See Petition at 2; Response at 3; Dkts. 11-1, 11-2. On or about August 15, 2023, Petitioners arrived in the United States and were served with a Notice to Appear, placing them in removal proceedings. See Response at 3; Dkts. 11-1, 11-2. On March 31, 2026, Petitioners failed to appear at their hearing before the immigration judge ("IJ") and were ordered removed to Guatemala in absentia. See Response at 3; Dkt. 11-3. On April 9, 2026, Petitioners filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") challenging their removal orders.[1] See Response at 3; Dkt. 7 at 6.

Meanwhile, on April 7, 2026, Petitioners were taken into custody in Los Angeles by U.S. Immigration and Customs Enforcement ("ICE") for removal to Guatemala pursuant to the removal orders. See Response at 3; Dkts. 11-1, 11-2. On April 8, 2026, Petitioners were transported to Alexandria, Louisiana for removal from the United States out of Alexandria International Airport. See Response at 3; Dkts. 11-1, 11-2. Petitioners allege that they were denied contact with the outside world, including from family and counsel, for the first two days of their detention, and that between then and the filing of their Petition, Petitioners were only permitted one ten-minute phone call with counsel. See Petition at 2.

At approximately 0709 on April 10, 2026, Petitioners departed the United States on a charter flight. See Response at 3; Dkts. 11-1, 11-2. A few hours later, Petitioners filed the instant Petition.

---

[1] Respondents explain that the procedure for challenging a removal order issued in absentia is to file a motion to reopen with the IJ, and that removal is stayed pending the IJ's disposition of such motion. See Response at 3, 6 (citations omitted); and see 8 U.S.C. § 1229a(b)(5)(C). There is no indication in the record that Petitioners timely filed such motion. See id. at 3.

## II.   DISCUSSION

Respondents argue that because Petitioners were removed prior to filing their Petition, they cannot file and maintain a habeas claim to challenge their removals; Petitioners' claims were rendered moot because successful resolution of the same could no longer provide the requested relief. See Response at 4-5. Respondents also argue that the Court lacks habeas jurisdiction because Petitioners were not detained in this District or in the United States when their counsel filed the Petition. See id. at 6-8.

On the record before it, the Court largely agrees with Respondents. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" Id. at 442 (quoting Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973)).[2]

"The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. As such, habeas petitions filed under § 2241 "must be filed in the district where the

---

[2] While it is unclear exactly what "jurisdiction" means and the term "is capable of different interpretations," the Supreme Court has used "it in the sense that is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court." Padilla, 542 U.S. at 434 n. 7; see also id. at 451 (Kennedy, J., concurring) (in this context, the term is "not jurisdictional in the sense of a limitation on subject-matter jurisdiction."). In the habeas statute, "the phrase 'respective jurisdictions' . . . establish[es] a territorial restriction on the proper forum for habeas petitions . . ." and may be "best understood as a question of personal jurisdiction or venue." Id. at 451-52 (Kennedy, J., concurring).

petitioner is confined." <u>Muth v. Fondren</u>, 676 F.3d 815, 818 (9th Cir. 2012). The district in which petitioner is confined when he files his petition determines the proper venue for the case throughout its duration. <u>See</u> <u>Mujahid v. Daniels</u>, 413 F.3d 991, 994 (9th Cir. 2005).

Here, the record indicates that Petitioners were detained outside of the Central District of California when they filed their Petition. <u>See</u> Response at 12. While this Court would ordinarily transfer the Petition to the appropriate District, here, as Respondents argue—and as Petitioners did not contest—the Petition appears to be moot.

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.' At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" <u>Abdala v. I.N.S.</u>, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citations and citation omitted). For a habeas petition to continue to present a live controversy after the petitioner's release or deportation "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." <u>Id.</u> at 1064 (citations omitted).

In <u>Abdala</u>, a formerly convicted and incarcerated immigrant, whose removal had been ordered by an IJ, brought a federal habeas petition challenging the length of his detention. <u>See id.</u> at 1063. The Ninth Circuit found that the petition must be dismissed as moot because after removal, successful resolution of the pending claims could no longer provide the requested relief, and the petitioner did not assert any additional "collateral consequences" of removal that the petition could have redressed. <u>See id.</u> at 1065.

Here, Petitioners seek their release from immigration custody pending resolution of their immigration proceedings or, in the alternative, a bond

hearing. <u>See</u> Petition at 6, 12 ("Petitioners have resided in the United States for many years and are seeking release from custody pending resolution of their immigration proceedings."). As Petitioners have been removed to Guatemala, successful resolution of the pending claims could not offer them the requested relief. Nor did Petitioners assert any "collateral consequences." Therefore, there is no information before the Court to indicate that the instant Petition currently presents a live case or controversy.

Considering the Court's conclusion on mootness, which implicates jurisdiction, the Court declines to analyze the merits of Petitioner's Motion.

### III.   CONCLUSION

For the reasons discussed herein, Petitioner's Motion is **DENIED** and the Petition is **DISMISSED**. The Court will issue Judgment consistent with this Order.

Date: April 24, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

5